IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELI AVILA, Individually and on Behalf Of All Similarly Situated Persons, Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 4:19-cv-3785 |
| SOVEREIGN SERVICES OF HOUSTON, INC., RAY KARR and HARRY KARR, Defendants. | § | JURY DEMANDED |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

This is an action arising under the Fair Labor Standards Act of 1938 ("FLSA"), brought both as an individual action and collective action to recover unpaid overtime compensation, liquidated damages, and attorney's fees owed to Plaintiff Eli Avila and all other similarly situated employees ("Members of the Class") employed by, or formerly employed by Defendants, its subsidiaries and affiliated companies.

**Parties**

1. Plaintiff Eli Avila ("Avila"), is a former 30-year employee of Defendants, is a resident and was employed in the Southern District of Texas, and is represented by the undersigned.

2. Defendant Sovereign Services of Houston, Inc. ("Sovereign") is a Texas corporation that is and was an "employer" of the Plaintiff as that term is defined by the FLSA. With respect to Plaintiff, Sovereign is subject to the provisions of the FLSA. Sovereign was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s), and had gross annual revenues in excess of

$500,000.00.  Sovereign may be served through its registered agent, William S. Bush at 5615 Kirby Drive, Suite 900, Houston, TX 77005, or wherever he may be found.

3.      Defendant Ray Karr ("R. Karr") is an individual who was also an "employer" of Sovereign Services of Houston, Inc. as that term is defined by the FLSA.  With respect to Plaintiff, R. Karr is subject to the provisions of the FLSA, operating an enterprise engaged in interstate commerce with gross annual revenues in excess of $500,000.  R. Karr was a person who determined and directly controlled the employee compensation policies of Sovereign Services of Houston, Inc.  Defendant R. Karr may be served with process at 6363 Richmond Ave., Suite 300, Houston, Texas 77057 or wherever he may be found.

4.      Defendant Harry Karr ("H. Karr") is an individual who was also an "employer" of Sovereign Services of Houston, Inc. as that term is defined by the FLSA.  With respect to Plaintiff, H. Karr is subject to the provisions of the FLSA, operating an enterprise engaged in interstate commerce with gross annual revenues in excess of $500,000.  H. Karr was a person who determined and directly controlled the employee compensation policies of Sovereign Services of Houston, Inc.  Defendant H. Karr may be served with process at 6363 Richmond Ave., Suite 300, Houston, Texas 77057 or wherever he may be found.

## Jurisdiction and Venue

5.      This Court has jurisdiction because this case arises under federal law, specifically the Fair Labor Standards Act.  28 U.S.C. § 1331.

6.      Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendants and Plaintiff transacted business within this judicial district and some of the events underlying this complaint occurred within this judicial district.

**Facts Supporting Relief**

7. During each of the three years prior to this complaint being filed, Defendants were an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

8. During each of the three years prior to this complaint being filed, Defendants regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s).

9. At all times pertinent to this Complaint, Plaintiff was employed by Defendants and his work was essential to Defendants' business(es).

10. During each of the three years prior to this complaint being filed, Defendants conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

11. Plaintiff Eli Avila worked for Defendants as a valet supervisor from 1989 until May 18, 2019. Avila's duties included, but were not limited to, parking valet vehicles, bringing the vehicles back to the clients, and training new employees. Plaintiff Eli Avila was a supervisor in name only as he did not have the power to hire and/or fire and did not make decisions which would require judgment or affect the business.

12. During his tenure with the Defendants, Plaintiff regularly worked in excess of 40 hours per week. In addition to the hours that were actually recorded and paid, Defendants were not accurately recording Plaintiff's hours. Therefore, Defendants avoided paying Plaintiff for hours that Defendants knew Plaintiff worked. These additional hours are off-the-clock and

Plaintiff would be entitled to time and one/half as a recovery for these stolen hours.

13. Plaintiff was paid on an hourly basis and was not paid an overtime premium for hours worked over 40 hours per workweek.

14. At all times relevant hereto, the Defendants knew of, approved of, and benefited from Plaintiff's regular and overtime work.

15. Defendants are jointly and severally liable to the Plaintiff and the Members of the Class, as defined below, for the damages sought herein. The individual defendants were involved in the day-to-day operations of the business, set the schedules, approved schedules, set the rates of pay and pay practices, and implemented such practices acting as supervisors and owners.

### Plaintiff's Individual Allegations

16. Plaintiff was entitled to be paid his regular wages and to be paid an overtime premium for all work performed during the hours worked over forty-(40)-hours in each workweek.

17. Defendants failed to pay the Plaintiff the required overtime premium in many such workweeks that the Plaintiff was employed by Defendants, as the Plaintiff worked in excess of 40 hours in most weeks. Defendants also failed to pay Plaintiff for hours that Plaintiff worked but were not accurately recorded by Defendants. These hours are subject to time and one/half payment for weeks in which they exceeded 40.

18. No exemption excuses the Defendants from paying Plaintiff for all time spent and work performed during the hours he worked, and the Defendants have not made a good faith effort to comply with the FLSA.

19. The Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation with respect to Plaintiff. Such

practice was and is a clear violation of the FLSA.

20. Defendants' actions were willful and in blatant disregard for Plaintiff's federally protected rights.

### Collective Action Allegations

21. Other employees have been victimized by the Defendants' pay practices and policies that are in willful violation of the FLSA. A number of these employees have worked with Plaintiff. Thus, Plaintiff is aware that the illegal practices or policies of the Defendants have been imposed on the Members of the Class. Specifically, through speaking with other employees, Plaintiff is aware that Defendants make a regular practice of not paying the required overtime premium for hours worked over 40 in a workweek, but instead pays all other employees on the same basis as the Plaintiff. Upon information and belief, Defendants also steal hours from putative class members by requiring Plaintiff and the employees to work hours for which no compensation is paid at all.

22. The Members of the Class performed work that is similar in nature to that performed by Plaintiff; these individuals worked alongside the Plaintiff performing the same type of work that the Plaintiff performed. Accordingly, the employees victimized by the Defendants' unlawful practices are similarly situated to Plaintiff in terms of their job duties.

23. Further, each member of the class was paid according to a common payment scheme. Thus, although the amount of damages may vary from individual to individual, the damages can be calculated by using a single mathematical formula that is individually applicable to each Member of the Class. The Members of the Class are, therefore, similarly situated in terms of pay provisions.

24. The Defendants' failure to pay its employees as required by the FLSA resulted

from a generally applicable policy that does not depend on the personal circumstances of the Members of the Class. This generally applicable policy is prohibited by the FLSA. Thus, Plaintiff's experience is typical of the experiences of the Members of the Class.

25. No justification or exemption excused the Defendants from paying the Members of the Class for all work performed and time spent working, and the Defendants did not make a good faith effort to comply with the FLSA. The Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to the Members of the Class.

26. Accordingly, the class of similarly situated Plaintiffs is properly defined as:

> **All persons employed as valets by Defendants Sovereign Services of Houston, Inc., Ray Karr and Harry Karr during the three-year period preceding the filing of this Complaint.**

## CAUSES OF ACTION

### 1.

### Individual and Collective Action

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

28. Defendants violated the FLSA by failing to properly compensate Plaintiff and Members of the Class for work performed in the employ of the Defendants.

29. Plaintiff and Members of the Class have suffered damages as a direct result of Defendants' illegal actions.

30. Defendants are liable to Plaintiff and all Members of the Class for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

**2.**

**Individual Claims Under State Law**

**Breach of Contract or in the Alternative Quantum Meruit**

31. Defendants violated Texas state law by failing to pay Plaintiff an agreed upon amount for all hours worked.

32. Defendants received the value of that work from Plaintiff.

33. Defendants agreed to pay Plaintiff for every hour that has been worked.

34. Defendants knew that Plaintiff engaged in this work, but refused to pay Plaintiff and potential class members for all hours worked.

35. Defendants received the value of the work from the Plaintiff.

36. Plaintiff expected to be paid for their work and Defendants knew that Plaintiff expected to be paid for their work.

37. Defendants breached the contract for payment or in the alternative are required to pay for the time Plaintiff actually worked.

**Demand for Jury**

38. Plaintiff demands a trial by jury.

**Prayer for Relief**

WHEREFORE, Plaintiff and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all persons employed by Sovereign Services of Houston, Inc., Ray Karr and Harry Karr as valet supervisors during the three-year period immediately preceding the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory

  period;
2. Judgment against Defendants for an amount equal to Plaintiff's and the Members of the Class's unpaid overtime wages at the applicable rate;
3. An equal amount to the overtime wage damages as liquidated damages;
4. Judgment against Defendants that their violations of the FLSA were willful;
5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6. All costs and attorney's fees incurred prosecuting these claims;
7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;
8. Leave to amend to add claims under applicable state laws; and
9. For such further relief as the Court deems just and equitable.

    Respectfully Submitted,

    **THE BUENKER LAW FIRM**

    */s/ Josef F. Buenker*
    Josef F. Buenker
    TBA No. 03316860
    jbuenker@buenkerlaw.com
    2060 North Loop West, Suite 215
    Houston, Texas 77018
    713-868-3388 Telephone
    713-683-9940 Facsimile

    **ATTORNEY-IN-CHARGE FOR PLAINTIFF ELI AVILA**

**OF COUNSEL:**
Thomas H. Padgett, Jr.
TBA No. 15405420
tpadgett@buenkerlaw.com
**THE BUENKER LAW FIRM**
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY FOR PLAINTIFF ELI AVILA**